No. 927 October 22, 2025 443

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of R. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. N.,
*Appellant.*

Douglas County Circuit Court
18JU03153; A186581 (Control)

In the Matter of R. B.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. N.,
*Appellant.*

Douglas County Circuit Court
19JU02085; A186582

In the Matter of G. B., Jr.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. N.,
*Appellant.*

Douglas County Circuit Court
19JU07206; A186583

Ann Marie Simmons, Judge.

Submitted July 28, 2025.

Aron Perez-Selsky filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Affirmed.

**AOYAGI, P. J.**

In this consolidated juvenile dependency case, mother appeals judgments changing the permanency plans for her two children, seven-year-old R and five-year-old G, from permanent guardianship to adoption. In her sole assignment of error, mother challenges the plan changes, arguing that the juvenile court erroneously concluded that no compelling reason existed not to change the plans to adoption. Mother argues that a compelling reason did exist, specifically that mother was successfully participating in services that would make it possible for the children to safely return to her care within a reasonable time. As explained below, we affirm.

Mother has not requested *de novo* review, and it is not warranted.[1] We therefore review the juvenile court's factual findings for any evidence in the record to support them, and we review the "no compelling reason" legal conclusion for errors of law. *Dept. of Human Services v. S. J. M.*, 364 Or 37, 56-57, 430 P3d 1021 (2018).

In considering a proposed change to a child's permanency plan, the juvenile court is to "carefully evaluate" the request and seek to make a decision "that is most likely to lead to a positive outcome for the child." *State ex rel DHS v. M. A. (A139693)*, 227 Or App 172, 183, 205 P3d 36 (2009). To that end, ORS 419B.476(5), which governs permanency hearings and judgments, requires the court to address certain issues in the judgment changing a child's permanency plan. As relevant here, when a child's plan is being changed to adoption, ORS 419B.476(5)(d) requires the court to address whether any of the circumstances in ORS 419B.498(2) apply.

ORS 419B.498(2) lists reasons that the Oregon Department of Human Services (ODHS) may forgo or delay filing a petition to terminate parental rights in a dependency case, one of which is the existence of a "compelling reason,

---

[1] *See* ORS 19.415(3)(b) ("Upon an appeal in an equitable action or proceeding other than an appeal from a judgment in a proceeding for the termination of parental rights, the Court of Appeals, acting in its sole discretion, may try the cause anew upon the record or make one or more factual findings anew upon the record."); ORAP 5.40(8)(c) (providing for the exercise of that discretion only in "exceptional cases"); ORAP 5.40(8)(d) (identifying nonexclusive considerations that may be relevant to our decision whether to exercise *de novo* review).

which is documented in the case plan, for determining that filing such a petition would not be in the best interests of the child or ward." ORS 419B.498(2)(b). The statute provides some examples of compelling reasons, one of which is that "[t]he parent is successfully participating in services that will make it possible for the child or ward to safely return home within a reasonable time as provided in ORS 419B.476(5)(c)." ORS 419B.498(2)(b)(A). "'Reasonable time' means a period of time that is reasonable given a child or ward's emotional and developmental needs and ability to form and maintain lasting attachments." ORS 419A.004(26). The party arguing that a compelling reason exists bears the burden to prove it. *S. J. M.*, 364 Or at 53.

On this record, we conclude that the juvenile court did not err in deciding that a compelling reason to delay changing the children's plans had not been proved. The juvenile court found, among other things, that, although mother had made some progress over the course of the dependency case, she remained unable to sufficiently protect the children and establish a parent-child bond with them, and that her relationship with them had deteriorated in the five years since the dependency case started. The record allowed those findings and allowed the court to conclude that mother had not proved that she was successfully participating in services that would make it possible for R and G to return to her care within a reasonable time.

Affirmed.